LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On March 12, 2009, the Tunica County Circuit Court Judge signed orders holding Charles B. Graves Jr. in contempt of court for issues related to three separate DUI cases, which were on appeal from justice court. Graves is the County Prosecutor for Tunica County. Stan Little represented both the first and second defendants. In the first case, Graves informed the circuit judge that he and Little had agreed to a dismissal. When the circuit judge refused to dismiss the case, Little stated he had not had a chance to view the videotape of his client’s arrest. The circuit judge had previously ordered Graves to provide the videotape to Little. The circuit judge held both attorneys in contempt for being unprepared. In the second case, Little again stated he had not been given an opportunity to view the videotape of his client’s arrest. As in the first case, the circuit judge held both attorneys in contempt for being unprepared.
 
 *160
 
 When the circuit judge called the final and third case, Graves informed him that the defendant’s attorney had requested a continuance. Graves had told the attorney he would not object to a continuance but that the attorney should file a motion for a continuance. While the circuit judge held the defendant’s attorney in contempt for failing to appear in court, it is unclear whether he actually held Graves in contempt of court for his conduct in the third case. The circuit judge’s order fined Graves $100 and sentenced him to two days in jail. The circuit judge later modified the contempt order and sentenced Graves to time served.
 

 ¶ 2. Graves now appeals, asserting several issues that we paraphrase as follows: whether his conduct constituted contempt of court.
 

 DISCUSSION
 

 ¶ 3. In contempt actions, the first question to determine is whether the actions of Graves amounted to civil or criminal contempt. “If the primary purpose [of the contempt order] is to enforce the rights of private party litigants or enforce compliance with a court order, the contempt is civil.”
 
 Purvis v. Purvis,
 
 657 So.2d 794, 796 (Miss.1994). Criminal contempt is designed to punish the defendant for disobedience of a court order.
 
 In re Smith,
 
 926 So.2d 878, 887-88 (¶ 18) (Miss.2006). “This is proper only when the contemnor has wilfully, deliberately and contumaciously ignored the court, or the court’s directive.”
 
 Id.
 
 As Graves was found in contempt for disobeying a court order, this case is a matter of criminal contempt.
 

 ¶ 4. In matters concerning criminal contempt, it is our duty to determine whether the record proves the contemnor’s guilt beyond a reasonable doubt.
 
 Id.
 
 at 888 (¶ 13). There are two forms of criminal contempt: direct contempt and constructive contempt. “Direct criminal contempt involves words spoken or actions committed in the presence of the court that are calculated to embarrass or prevent the orderly administration of justice.”
 
 Moulds v. Bradley,
 
 791 So.2d 220, 224 (¶ 7) (Miss.2001). The punishment for direct criminal contempt “may be meted out instantly by the judge in whose presence the offensive conduct was committed....”
 
 Id.
 
 Constructive criminal contempt, however, involves actions which occur outside the presence of the court.
 
 Id.
 
 at 225 (¶ 8). In this instance, the contemnor must be provided certain procedural due-process safeguards such as notice and a hearing.
 
 Id.
 

 ¶ 5. The record does not reflect any conduct by Graves that would support a finding of direct criminal contempt. We now look to the record to determine whether Graves was guilty of constructive criminal contempt beyond a reasonable doubt. The circuit judge found Graves in contempt of court for failing to provide a videotape to Little on two separate cases. In one of the cases, Graves had been ordered to comply with discovery rules and give the videotape to Little. Prior to trial, Graves and Little decided to enter an agreed order of dismissal. However, the circuit judge refused to dismiss the case and instead found both Graves and Little to be in contempt of court. In the other case, there was also an issue regarding the viewing of a videotape. However, there was some confusion as to the circumstances surrounding Little’s attempt to view the videotape. Unlike the first case, there was no prior order entered instructing Graves to comply with discovery.
 

 ¶ 6. According to the record, Graves was prepared for court and tried to get one of the cases dismissed when he realized that Little had not seen the videotape prior to trial. Although Graves failed to follow the
 
 *161
 
 circuit judge’s order regarding discovery, we cannot find that the evidence in the record proves beyond a reasonable doubt that Graves “wilfully, deliberately and contumaciously ignored the court.”
 
 In
 
 re
 
 Smith,
 
 926 So.2d at 887-88 (¶ 13). Finding that the circuit judge erred in finding Graves in contempt, we reverse and render.
 

 ¶ 7. We note that Graves’s due-process rights were violated as he was not provided with notice and a hearing. However, as we have found that Graves should not have been found in contempt, it is unnecessary to remand for application of proper procedural safeguards.
 

 ¶ 8. THE JUDGMENT OF THE TUNI-CA COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY. BARNES, J., NOT PARTICIPATING.